Nina ZAICHIK [1] & Edward Ostrochevy, Petitioners,

v.

Alberto R. GONZALES,[2] United States Attorney General, Respondent.

Nos. 03–4597–AG(L), 03–4598–AG (CON).

United States Court of Appeals, Second Circuit.

May 9, 2006.

---

1. The official caption is hereby amended to reflect the correct spelling of petitioner's name, as listed in the petition for review and brief.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Irina Kogan, Brooklyn, New York, for Petitioner.

Michael J. Garcia, U.S. Atty., Southern District of New York, Richard E. Rosberger, Sara L. Shudofsky, Asst. U.S. Attys., New York, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioners Nina Zaichik and Edward Ostrochevy petition for review of an order of the BIA, affirming Immigration Judge ("IJ") Kandler's decision denying their applications for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the facts and procedural history of the case.

When, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ's determination that Zaichik and Ostrochevy's testimony lacked credibility is supported by substantial evidence, and is based on specific examples in the record of inconsistent statements about matters material to the couple's claim of persecution. Zaichik and Ostrochevy's testimony was inconsistent as to: (1) whether or not Ostrochevy had previously known their June 1988 attackers; (2) whether the couple had gone to the hospital or the police precinct after they had been attacked; (3) whether Zaichik had stayed at a hospital or medical clinic for hours or for days after her attack at the synagogue; (4) whether or not their neighbors had made physical threats against them; and (5) whether or not the prosecutor had called them "Zionists," and had threatened to indict them. Zaichik and Ostrochevy's advanced age and the amount of time that had passed since their attacks might explain the inconsistencies in their testimony. However, because of the many inconsistencies that were centrally related to the couple's accounts of persecution we cannot conclude that any reasonable adjudicator would be compelled to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

Because the only evidence of a threat to Zaichik and Ostrochevy's life or freedom depended upon their credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir. 2003). Furthermore, because they did not appeal the IJ's denial of CAT relief to either the BIA or this Court, that issue has been abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, Zaichik and Ostrochevy's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).